# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AIMEE O'NEIL,

    Plaintiff,

v.

CITY OF OSWEGO,

    Defendant.

Case No.: 2:20-cv-02362-KJD-NJK

**REPORT AND RECOMMENDATION**

[Docket No. 1]

    Plaintiff brings this case *pro se* and seeks to proceed *in forma pauperis*. Docket No. 1. District courts screen complaints brought by plaintiffs seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e).[1] A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

    Here, Plaintiff has filed a complaint against the City of Oswego, which is located in New York. *See* Docket No. 1-1 at 2. Although Plaintiff's complaint identifies various alleged acts, it

---

[1] Separate from this screening process, district courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when she "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

1  contends that, *inter alia*, Joe Brancato, a police officer employed by the City of Oswego, conspired
2  with Plaintiff's daughter in violation of the Racketeer Influenced and Corrupt Organizations Act
3  ("RICO"). *Id.* Plaintiff seeks $2,000,000 in damages, an order removing Officer Brancato from
4  his professional duties, and an "order restraining such organized and demised corrupt misuse of
5  [p]ower by conspirators." *Id.* at 28. Plaintiff alleges conduct such as her daughter obstructing her
6  medical rights by having drug addicts follow her. *Id.* at 6. Additionally, Plaintiff alleges that her
7  daughter influenced customers to eat at the restaurant in which Plaintiff works and leave without
8  paying or send the food back. *Id.* Further, Plaintiff alleges a plot to tap her phone and obstruct
9  her right to employment. *Id.* at 10. The Court finds that Plaintiff's claims in the instant complaint
10 are frivolous and delusional.

11  Even if Plaintiff's claims were not frivolous and delusional, Plaintiff's complaint fails to
12 state a claim upon which relief can be granted. "The elements of a civil RICO claim are as follows:
13 (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as
14 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I.
15 Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). A RICO injury must be "a concrete
16 financial loss, and not mere injury to a valuable intangible property interest." *Oscar v. Univ.
17 Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992). Personal injuries are not compensable
18 under RICO. *Id.*

19  Plaintiff fails to allege sufficient facts showing a concrete financial loss. Plaintiff's
20 complaint asserts several delusional allegations that may amount to personal injuries, but personal
21 injuries are not compensable under RICO. Further, although Plaintiff names the City of Oswego
22 as the defendant, she alleges that, *inter alia*, Officer Brancato, not the City of Oswego, violated
23 the RICO statute. While the doctrine of *respondeat superior* may be applied under RICO,
24 "respondeat superior liability attaches only if an employer benefitted from its employee's RICO
25 violation." *Oki Semiconductor Co. v. Wells Fargo Bank, Nat. Ass'n*, 298 F.3d 768, 775 (9th Cir.
26 2002). Plaintiff fails to allege any facts showing that the City of Oswego benefitted from Officer
27 Brancato's purported RICO violation. Moreover, "government entities are incapable of forming
28 [the] malicious intent necessary to support a RICO action." *Pedrina v. Chun*, 97 F.3d 1296, 1300

(9th. Cir. 1996). Thus, to the extent Plaintiff seeks to sue the City of Oswego in its official capacity, she fails to state a plausible claim, and the Court finds that the deficiencies in Plaintiff's complaint cannot be cured by amendment.

In light of the frivolous and delusional nature of Plaintiff's allegations and the failure to state a claim, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice. The undersigned further **RECOMMENDS** that Plaintiff's application to proceed *in forma pauperis* at Docket No. 1 be **DENIED** as moot.

Dated: January 7, 2021

Nancy J. Koppe
United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).